## LESLIE LOWRY & CO. v. KTRM, Inc. et al.

### No. 4754.

Court of Civil Appeals of Texas. Beaumont.

May 10, 1951.

D. H. O'Fill, Beaumont, for appellant.

Alto V. Watson, James T. Wright, both of Beaumont, for appellees.

R. L. MURRAY, Justice.

Wm. F. Holland Productions, Inc., sued KTRM, Inc., upon a contract between the two parties for furnishing radio transcriptions (records for radio broadcasts), which contract was sought to be cancelled by KTRM, Inc.

KTRM, Inc., sued Leslie Lowry & Company upon a contract for furnishing radio time and the transcriptions for a series of radio broadcasts over Radio Station KTRM,

Inc., which contract was sought to be cancelled by Leslie Lowry & Company.

The radio transcriptions involved in both cases were the same, and Leslie Lowry & Company first sought cancellation of the contract with KTRM, Inc., and KTRM, Inc., then in turn sought cancellation of its contract with Wm. F. Holland Productions, Inc.

These causes were consolidated and in the consolidated cause Wm. F. Holland Productions, Inc., was plaintiff, KTRM, Inc., was defendant and third party plaintiff, and Leslie Lowry & Company was third party defendant. Upon trial judgment was entered for plaintiff against defendant, and for third party plaintiff, appellee here, against third party defendant, appellants here. The original defendant, appellee here, did not appeal from the judgment against it, but the third party defendant has done all things requisite, and in due time to perfect its appeal from the judgment in favor of appellee against appellants. The only points at issue here are those existing between the appellant, Leslie Lowry & Company, third party defendant in the trial court, and the appellee, KTRM, Inc., third party plaintiff in the trial court.

Appellant and appellee signed a written contract by the terms of which appellee agreed to broadcast a series of radio programs for appellant, which programs were to extend from April 12, 1948 through April 11, 1949. This contract was upon a printed form prepared by appellee. Contained among the printed provisions of the contract on the back of the signed front page thereof was the following provision: "Termination and Renewal. (a) This contract may be terminated by either party by giving the other twenty-eight (28) days prior written notice: provided that no such notice shall be effective until twenty-eight (28) days after start of broadcasts hereunder."

This contract also contained the following, written with a typewriter upon the front page of the instrument, where the details of the contract were also written by typewriter:

"Additional Instructions:

"This contract may be cancelled on two (2) weeks written notice at the end of six (6) months * * * without short rate for time. Transcription short rate governed by the Holland Co. However, maximum charge by Holland to be $35.00 per week."

Appellant sought to discontinue the radio programs and cancel the contract, seeking to do so under the terms of the printed provisions of the contract by giving twenty-eight days' written notice. Appellee contended that the typewritten provisions of the contract in regard to cancellation should control and that cancellation could be made thereunder only upon two weeks' written notice at the end of six months. In the conflict between these two portions of the contract is to be found the sole controversy between the parties to this appeal. By stipulations in the record and by statements in their briefs, the parties here have narrowed their differences down to a determination of whether cancellation of the contract can be effected by complying with the printed portion or the typewritten portion of the contract dealing with cancellation.

The appellant has four separate Points of Error in its brief but presents all four points together and makes the statement in the beginning of its argument that "in reality the only thing that should really concern this court is whether or not any ambiguity exists in the contract." Appellant points out that when a contract is ambiguous or its meaning is doubtful, the court must bear in mind that the rule of construction is that a contract will be construed against the party who drew or wrote it and was responsible for the language used; that where blank forms are used in the preparation of a contract the rule of strict construction obtains against the party preparing and furnishing the blank form.

We are satisfied that the two quoted provisions of the contract relating to cancellation thereof are wholly different from each other. The printed form says the contract may be terminated by either party giving the other twenty-eight days' prior written notice. The typewritten portion

provides that the contract may be cancelled on two weeks' written notice at the end of six months. The ambiguity because of this conflict we think is obvious. .

Such situations have arisen before and the rule of decision is well settled. Where a printed form is used in drawing a contract, and an ambiguity results from apparent inconsistencies between written or typewritten portions and printed portions, the written or typewritten words will control, the reason being that they are the immediate language and terms selected by the parties themselves as setting forth their intentions, whereas the printed form is intended for general use without reference to particular objects and aims. 10 Tex.Juris. 312 and many Texas cases cited there. Since the typewritten provision therefore controls here, the contract could not be cancelled by appellant until six months after the date of the contract. It could not cancel, as it attempted to do, by giving twenty-eight days' written notice on May 22, 1948, to be effective June 19, 1948.

We believe the trial court's holding in accordance with our view above set forth was correct. Its judgment should be affirmed and it is so ordered.

Affirmed.