Neil F. INNES, Appellant,

v.

Hulon WEBB, Appellee.

No. 1028.

Court of Civil Appeals of Texas, Corpus Christi.

June 10, 1976.

Rehearing Denied June 30, 1976.

J. Perry Jones, Adams, Graham, Lewis, Jenkins, Jones & Graham, McAllen, for appellant.

Wilkins & Wilkins, McAllen, for appellee.

## OPINION

YOUNG, Justice.

This is a suit by a purchaser against a real estate broker for the return of his earnest money under a contract of sale that was not completed because of the fault of the seller. In a non jury trial, the trial court rendered judgment for the plaintiff, among other things, for the $2,000.00 earnest money sought, plus $500.00 as attorney's fees. The record shows neither a request for nor a filing of findings of fact or conclusions of law. The defendant broker appeals.

In his petition Hulon Webb alleged that Neil F. Innes, doing business as Innes Realty, prepared an instrument dated August 21, 1974, purporting to be an earnest money contract between Webb and Herbert Huller for the purchase of a residence to be con-structed by Huller upon a certain described lot in McAllen; that the contract contained the following provision:

"If title is found objectionable and is not cleared within a reasonable time, upon failure of Seller to comply herewith for any reason, Purchaser may demand back the earnest money, thereby releasing Seller from this contract, or Purchaser may enforce specific performance hereof or seek such other relief as may be provided by law."

Plaintiff further alleged that he gave his check of $2,000.00, payable to Innes Realty, Trustee, to be held by Innes as stakeholder subject to plaintiff's demand for the return of that sum if the seller should fail to comply with the contract; that the seller was unable to perform; that, therefore, plaintiff demanded the return of his deposit; and that defendant refused to return the deposit. Plaintiff also sought attorney's fees.

Innes answered, among other things, that he turned the escrow money over to Huller in accordance with the clause in the contract which reads, in part, as follows:

"2,000.00 escrow to be turned over to Seller for initial deposit for materials and administrative costs . . . "

At the trial the questioned contract was introduced into evidence. The contract is a printed form with blanks for appropriate interlineations. At the top of the instrument is the heading: "TEXAS STANDARD FORMS, EARNEST MONEY CONTRACT, CONVENTIONAL". Typewritten in were the names of the purchaser and the seller; the description of the property; the price to be paid. Then followed several printed clauses covering matters such as terms; closing; title insurance; default of the parties; broker's fee (with amount typewritten in); loss (fire and casualty); and special notices about several matters, one of which is that the instrument is the complete agreement of the parties. The default of the parties' clause contained the printed provision about return of earnest money. This is the clause that plaintiff alleged Innes breached.

Then follows a typewritten clause about turning the $2,000.00 escrow over to the seller. This is the last clause and the one on which defendant relies to avoid liability.

The record reflects that the contract was signed by Huller and Webb during the evening of August 21, 1974. On the same evening Webb delivered his $2,000.00 check to Innes payable to "Innes Realty, Trustee". The next day Innes endorsed the check over to Huller. Subsequently, Huller left town and no further action was taken on the contract. Webb then brought this suit against Innes to recover the $2,000.00. Thereafter the trial court awarded judgment in favor of Webb. The appeal by Innes is from that judgment.

In his first and second points of error, the appellant contends that the trial court erred in awarding judgment for the appellee because there is no basis in law or fact for the award and, more specifically, because appellant had no duty under the contract to hold the $2,000.00.

■ All of which brings us to the construction of a contract that was prepared by a broker and that contains two apparently inconsistent clauses: one, a printed clause, requiring the return by the broker to the purchaser of the earnest money on purchaser's demand if the seller fails to comply with the contract; and the other, a typewritten clause, requiring the broker to turn over the "$2,000.00 escrow" to the seller "for initial deposit for materials and administrative costs." Appellant urges that we should be guided here by the rule of construction which provides that the written or typewritten part of a contract controls in the event of any conflict thereof with the printed portion of the contract. This rule is set out in 13 Tex.Jur.2d Contracts § 144 (1960). The rationale for this rule is that the written or typed words are the immediate language of the parties themselves, whereas the language of the printed form is intended for general use only, without reference to the particular aims and objectives of the parties. *Leslie Lowry & Co. v. KTRM, Inc.,* 239 S.W.2d

898, 900 (Tex.Civ.App.—Beaumont 1951, no writ); 13 Tex.Jur.2d Contracts § 144, supra.

On the other hand, appellee contends that our case should be controlled by the rule which requires that an agreement be construed most strictly against the party who drafted it and thus was responsible for the language used. This rule can be found in 13 Tex.Jur.2d § 121 (1960).

■ When we attempt to apply these rules to our case, we find that we apparently have two conflicting rules urged by the parties. The question then arises which rule should prevail here. Our answer to that question is that the rule should be applied which says typed matter controls the printed instead of the rule which says that a contract will be construed against the author. *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154 (1951); *Leslie Lowry & Co. v. KTRM, Inc.,* supra; 17A C.J.S. Contracts § 324, p. 217.

The rule of strict construction against the author has been dealt with in those authorities as follows: In *Daniel,* our Supreme Court held that the rule applies only after ordinary rules of interpretation (such as the typed controls the printed) have been applied. In *KTRM, Inc.,* that Court simply applied the typed controls the printed rule over the authorship rule. In *17A C.J.S.,* the statement is made that the authorship rule is the last one the courts will apply.

■ For all of those reasons, we hold that the typewritten clause in the contract determines the responsibility of the appellant for his disposition of the "$2,000.00 escrow"; that he delivered that money to the seller under the clause; that, therefore, he did not breach the contract in so delivering the money. Appellant's first and second points are sustained.

In his third and fourth points, the appellant asserts error by the trial court in its award of attorney's fees, because there is no contract provision for those fees, nor was there any evidence submitted on the reasonableness of those fees.

■ Unless provided for by statute or by contract between the parties, attorney's

fees are not recoverable in Texas. *Turner v. Turner,* 385 S.W.2d 230 (Tex.Sup.1964); *Clark v. Wisdom,* 403 S.W.2d 877 (Tex.Civ. App.—Corpus Christi 1966, writ ref'd n. r. e.). The parties here made no provision for attorney's fees in their contract. Nor do the provisions about attorney's fees in Tex. Rev.Civ.Stat.Ann. art. 2226 (Supp.1975), apply because this is a suit for breach of contract and not a claim for any of the items mentioned in that statute. Further, no evidence was submitted to the trial court about what services were rendered by the appellee's attorney. For all of those reasons, appellant's third and fourth points are sustained.

The judgment of the trial court is reversed and it is here rendered that the appellee take nothing.