John J. SCOGIN d/b/a Scogin Realty and/or John J. Scogin Realty, Appellant.

v.

A. G. CAMP, Appellee.

No. 1184.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 22, 1977.

Rehearing Denied Oct. 13, 1977.

James C. Martin, Walter Groce, Corpus Christi, for appellant.

Charles R. Cunningham, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This suit was brought by John J. Scogin, d/b/a Scogin Realty, to recover a commission for the sale of "Camp Cleaners". Suit was brought against A. G. Camp the owner of the property for which a purchaser was allegedly procured. Camp then filed a motion for summary judgment. The trial court granted Camp's motion and entered a judgment that Scogin take nothing. Scogin appeals. We reverse and remand for trial.

A. G. Camp owned the Camp Cleaners in Corpus Christi, Texas. On March 10, 1976, he and Scogin entered into a listing agreement denominated "Exclusive Authorization To Sell" which gave Scogin the exclusive right until September 30, 1976, to sell Camp's property. The type of property for sale, whether realty or personalty, is in dispute. Under this agreement Camp agreed, among other things, to pay Scogin 10% of the selling price ($55,000.00) if Scogin procured a purchaser on terms specified in the agreement or other terms acceptable to the owner.

Subsequently Scogin located a prospective purchaser, Richard A. Kemp, who executed a purchase contract for Camp's property during the listing period. Camp's signature does not appear on that document nor does the summary judgment evidence reflect that he otherwise accepted the terms. At any rate the sale from Camp to Kemp was never consummated.

In three points of error Scogin contends that there are material issues of fact to be resolved; therefore, the trial court erred in granting Camp's motion for summary judgment.

Camp counters by asserting that the granting of the summary judgment was correct because the listing agreement concerned real property and that, therefore, the proposed purchase contract (signed by Kemp) is in violation of Tex.Rev.Civ.Stat. Ann. art. 6573a, § 28. We note that in 1975 Article 6573a was amended, effective September 1, 1975, and the substance of Section 28 is now contained in Section 20 of the same article. The pertinent part of Section 20 is as follows:

"(c) When an offer to purchase *real estate* in this state is signed, the real estate broker or salesman shall advise the purchaser or purchasers, *in writing,* that the purchaser or purchasers should have the abstract covering the real estate which is the subject of the contract examined by an attorney of the purchaser's own selection, or that the purchaser or purchasers should be furnished with or obtain a policy of title insurance. *Failure to advise the purchaser as provided in this subsection precludes the payment of or recovery of any commission agreed to be paid on the sale.*" (Emphasis supplied.)

The uncontroverted evidence here establishes that Scogin failed to comply with the "advise the purchaser or purchasers, in writing," provision about an abstract or policy of title insurance. But he says the above quoted article does not bar his recovery because the property subject to sale is personalty and not realty.

All of which brings us to an examination of the summary judgment evidence in light of Section 20. All of the summary judgment evidence is contained in three interrogatories, the answers thereto, and the documents attached thereto. The interrogatories, addressed to Scogin, and answers are as follows:

"1. Is the attached Exhibit A, Exclusive Authorization to Sell, a true copy of the original of said instrument?

2. Is the attached Exhibit B, Sales Agreement and Deposit Receipt, a true copy of the original of said instrument?

3. Are there any other instruments in connection with this alleged transaction between Richard A. Kemp and A. G. Camp involving you as real estate agent? If so, please attach a true copy of any such instruments to your answers to these interrogatories."

Scogin answered the interrogatories as follows:

"*Interrogatory No. 1*: Yes

*Interrogatory No. 2*: Yes

*Interrogatory No. 3*: There are no other written instruments. All other matters were by parol."

The "Exclusive Authorization to Sell" is a printed form with blanks for appropriate interlineations. We set out pertinent parts of this listing agreement with the handwritten interlineated portions underlined.

"EXCLUSIVE AUTHORIZATION
TO SELL

The undersigned Owner hereby GRANTS the undersigned Broker the EXCLUSIVE AUTHORIZATION and RIGHT, for a period commencing this date and terminating at midnight of 9–30, 1976, to sell the real property situated in the City of Corpus Christi, County of Nueces, State of Tex., described as Camp Cleaners 712

Elizabeth consisting of: All Equipment, at the price of: $55,000.00 Dollars, on the following terms: $15,000 Cash down Bal as agreed upon, . . ."

The document provided for a broker's fee of 10% of the selling price. There were other provisions followed finally by the signatures of Scogin and Camp. The instrument is dated March 10, 1976.

The listing agreement thus sets out the property to be sold by two apparently inconsistent terms: one, a printed term called "real estate", and the other, a handwritten term call "All Equipment". There is apparent inconsistency between the two terms because equipment is generally considered personalty unless it is annexed to the realty. See *Erwin v. Steele*, 228 S.W.2d 882 (Tex.Civ.App.—Dallas 1950, writ ref'd n.r.e.); 25 Tex.Jur.2d Fixtures §§ 5, 13, and 14 (1961). Also, the general rule about construction of contracts exists which provides that the written or typewritten part of a contract controls in the event of any conflict thereof with the printed portion of the contract. *Innes v. Webb*, 538 S.W.2d 237 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

We pause now in our discussion to set out some of the fundamental rules by which we must be guided in our consideration of this summary judgment matter. Virtually all burdens are on the movant. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.Sup. 1972). The movant must establish as a matter of law that there is no genuine issue of fact. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.Sup.1970). All doubts as to the existence of genuine issues of fact are to be resolved against the movant. *Swilley v. Hughes, supra.*

Guided by those rules we have the duty to accept "All Equipment" (written) over "real estate" (printed) as the property subject to sale and to consider "All Equipment", as here standing alone and unexplained, as personalty. Or at least a fact issue is raised about whether it is personalty or real estate. Further, in the "Sales Agreement and Deposit Receipt" the prop-

erty is there specifically called "personal property" and "All Equipment—Business Etc". This instrument was also an item of Camp's summary judgment evidence.

We hold, therefore, that the movant Camp has failed to show by his summary judgment evidence that, as a matter of law, the property subject to sale is real estate under Tex.Rev.Civ.Stat.Ann. art. 6573a, § 20 (Supp.1976). Thus Camp has failed to show, as a matter of law, that Scogin's suit for his commission is barred by Section 20.

The judgment of the trial court is reversed and the cause is remanded for trial.