William Johnson HAMMAN, et al., Plaintiffs-Appellees,

v.

SOUTHWESTERN GAS PIPELINE, INC., a Texas Corporation, Defendant-Appellant.

No. 86-1483.

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1987.

Stephen L. Tatum, Virginia Sheehan, Ft. Worth, Tex., for defendant-appellant.

Ardell M. Young, William M. Brown, Fort Worth, Tex., for plaintiffs-appellees.

Before GOLDBERG and JONES, Circuit Judges.[*]

## ON PETITION FOR REHEARING

PER CURIAM:

IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby granted; and the following opinion is issued on petition for rehearing.

Southwestern Gas Pipeline, Inc. (Southwestern Gas) has filed a petition for rehearing in the above case. Southwestern Gas objects only to that part of our opinion that concerned the district court's award of prospective attorney's fees to plaintiffs William Hamman and his family (the Hammans) for any appeals that Southwestern Gas might file. The award of attorney's fees was authorized by the Natural Gas Pipeline Safety Act, 49 U.S.C. § 1686. Southwestern Gas contends that since it only appealed that portion of the judgment dealing with state law claims—and not the portion concerning the Pipeline Act claim—the award of attorney's fees should be vacated. We originally denied Southwestern Gas's claim under the "invited error" doc-

---

[*] Due to his death on October 19, 1987, Judge Hill did not participate in this decision. The Petition for Rehearing is being decided by a quorum. 28 U.S.C. § 46(d).

trine, noting that Southwestern Gas provided for the award of prospective attorney's fees in its own proposed judgment.

In its petition for rehearing, Southwestern Gas objects that the application of the invited error doctrine is unjust in this case. Southwestern Gas points out that at the time it submitted its proposed judgment, it was not apparent that it would not appeal the district court's ruling on the Pipeline Act claim. Southwestern Gas claims that it could have been subject to sanctions under rule 11 of the Federal Rules of Civil Procedure if it had denied the availability of prospective attorney's fees.[1] It appears that the application of the invited error doctrine would present parties in Southwestern Gas's position with a choice between risking rule 11 sanctions and consenting to the award of attorney's fees in any appeal even if that appeal was limited to claims for which fees were not available. Because we find Southwestern Gas's argument compelling, we will address the merits of its appeal of the prospective attorney's fees award. Thus, we grant Southwestern Gas's petition, vacate sections II D and III of our previous opinion, and issue the following in their place:

## II D

■ The issue raised by Southwestern Gas's final ground of error is straightforward: Where a case involves both federal question and pendent state law claims and attorney's fees are awarded on the basis of the federal statute, can attorney's fees be recovered for an appeal limited to the state law claims? For the reasons set out below, we hold that attorney's fees are not recoverable in these circumstances and thus vacate that portion of the district court's

judgment that awarded the Hammans fees for this appeal.[2]

The district court awarded attorney's fees to the Hammans for the proceedings before it and prospectively for any appeal Southwestern Gas might take from the court's judgment. The award of attorney's fees was authorized by the Natural Gas Pipeline Safety Act, 49 U.S.C. § 1686.[3] However, Southwestern Gas's appeal to this court concerned only the Hamman's pendent state law claims; it did not challenge the district court's decision on the issues involving the federal statute.

The prevailing American rule is that with limited equitable exceptions (not present in this case) attorney's fees may only be recovered pursuant to a statute or contract. 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.78. Because the federal statute upon which the district court awarded prospective fees was not involved in the appeal, that statute cannot be the basis on which to award fees for the appeal. Rather, the appeal should be treated as one would a diversity case in which fees are recoverable only if the state law involved so provides. *See Shelak v. White Motor Co.*, 636 F.2d 1069, 1072 (5th Cir.1981) (in ordinary diversity case state rather than federal law governs award of attorney's fees).

Under Texas law, attorney's fees may not be awarded unless specifically provided by statute. *Glass Containers Corp. v. Miller Brewing Co.*, 643 F.2d 308, 314 (5th Cir. Unit A Apr. 1981) (citing *Innes v. Webb*, 538 S.W.2d 237, 240 (Tex.Civ.App. 1976)). There is no Texas statute authorizing fees for a common law trespass action. Thus, there is no basis on which to award attorney's fees for this appeal.

1. We do not here decide whether Southwestern Gas could indeed have been sanctioned under rule 11 had it not submitted a proposal for prospective attorney's fees. We accept, though, Southwestern Gas's contention that it held such a view in good faith.

2. Should Southwestern Gas appeal the judgment of this court, that appeal could only be limited to the state law claims. Thus, for the same reasons that attorney's fees cannot be recovered for this appeal, the district court's award of

prospective attorney's fees for any appeal to the Supreme Court must also be vacated.

3. The statute provides in part:

In any action under this section the court may, in the interest of justice, award the costs of suit, including reasonable attorney's fees and reasonable expert witnesses fees, to a prevailing plaintiff.

49 U.S.C. § 1686(e).

The Hammans contend that attorney's fees may be awarded based upon the Pipeline Act because Southwestern Gas's notice of appeal was not specifically limited to the state trespass claim. We find this argument unconvincing. The fact that Southwestern Gas did not raise any issue relating to the Pipeline Act claim in its brief eliminated that portion of the district court's judgment from its appeal. *See Texas Mortgage Service Corp. v. Guadalupe Savings & Loan Assoc.*, 761 F.2d 1068, 1073–74 (5th Cir.1985) (issues not briefed are waived); J. Moore, B. Ward & J. Lucas *Moore's Federal Practice* ¶ 228.02 [2.–1] (appellate court will not consider issues not raised in appellant's initial brief). The Hammans were in no way prejudiced by not receiving notice of the scope of Southwestern Gas's appeal until the brief was filed.

The Hammans also complain that it is improper for this court to consider Southwestern Gas's arguments concerning the attorney's fees for this appeal because no motion for a new trial was made challenging the award and hence the district court has not had the opportunity to rule on this issue. Again, we disagree. Had Southwestern Gas appealed the Pipeline Act claims along with the trespass claims, the award of prospective fees for the appeal would have been proper. The issue that is presented here did not exist until Southwestern Gas appealed only the pendent state claims, and at that time the case was no longer before the district court. We will not punish Southwestern Gas for failure to take a course of action that was not open to it.

Of course, the award of attorney's fees is within the discretion of the trial court and is reversible only for abuse of discretion or errors of law. *Thomas v. Sams*, 734 F.2d 185 (5th Cir.1984). Hence, we recognize the value in remanding this case to the district court for it to reconsider its award of attorney's fees for this appeal in light of our opinion. However, the availability of fees in these circumstances is ultimately a question of law that we may decide without deference to the lower court. In the interest of economy then, we think it preferable to decide this question now and avoid the possibility of another appeal.

### III.

Because neither the Pipeline Act nor Texas law can provide the basis for the award of attorney's fees for this appeal, we VACATE that portion of the district court's judgment that awarded prospective attorney's fees. In all other respects, the judgment of the district court is AFFIRMED.