No. 08-31245

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-31245

STATE MACHINERY & EQUIPMENT SALES INC.

Plaintiff-Appellant

v.

LIVINGSTON PARISH; WAYNE MARTIN;
 MARSHALL HARRIS; DANNY HARRELL;
RONALD SHARP; STAN CAIN; JIMMIE MCCOY;
EDDIE WAGNER; DEWEY HARRELL;
A "BUDDY" MINCEY

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-cv-00504

Before BENAVIDES, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the dismissal of a 42 U.S.C. § 1983 action in which the plaintiff-appellant, State Machinery, alleged that the Parish of Livingston, Louisiana, and its council members violated its due process rights.  State

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Machinery contends that the Louisiana Public Bid Law created a property interest in its bids and that the Parish deprived it of that property right without due process. La. R.S. § 38:2211, *et seq.* State Machinery contends that the defendants-appellees arbitrarily disqualified its bids and awarded the contracts to another bidder without notice and without an opportunity to be heard in violation of its procedural due process rights. State Machinery also contends that the defendants-appellees' actions violated its substantive due process rights.

We affirm for the following reasons. The Parish required, among other things, that the bidders have a repair facility within 35 miles of the Parish's maintenance department. It is undisputed that State Machinery does not have such a facility. Because State Machinery's bids did not conform to the advertised bid specifications, no property right was created and thus there was no entitlement to the protection of procedural due process. *See* La. R.S. § 38:2212.1A(1)(a) ("All purchases of any materials or supplies exceeding the sum of twenty thousand dollars to be paid out of public funds shall be advertised and let by contract to the lowest responsible bidder *who has bid according to the specifications as advertised . . . .*") (emphasis added); *Haughton Elevator Division v. State,* 367 So.2d 1161, 1165 (La. 1979) (holding that the Louisiana Public Bid Law can create a property right in the lowest responsible bidder to receive a public works contract); *Williams v. Bd. of Supervisors of Louisiana State Univ. & Agric. and Mech. Coll.,* 388 So.2d 438, 441 (La. App. 2d Cir. 1980) (indicating that if a bid is rejected because it does not comply with the advertised specifications, a property right in the contract is not created under Louisiana law). The district court thus did not err in dismissing the procedural due process claim.[1]

---

[1] After oral argument before this Court, State Machinery filed a supplemental letter contending for the first time that the 35-mile requirement was invalid because it constituted a "prequalification" in violation of the Louisiana Public Bid Law. *See La. Associated Gen.*

State Machinery next contends that the defendants-appellees' conduct violated its right to substantive due process.[2] However, "[t]o prevail on a substantive due process claim, [the plaintiff] must first establish the existence of a property interest protected by the Fourteenth Amendment." *Conroe Creosoting Co. v. Montgomery County, Tex.*, 249 F.3d 337, 341 (5th Cir. 2001). As set forth above, State Machinery's bids did not create a property right. Thus, State Machinery cannot prevail on its substantive due process claim.

For the above reasons, the district court's judgment is AFFIRMED.

---

*Contr. Inc. v. Calcasieu Parish School Bd.*, 586 So.2d 1354, 1368 (La. 1991). This Court will not consider issues not raised in the initial brief. *Hamman v. Southwestern Gas Pipeline, Inc.,* 832 F.2d 55, 58 (5th Cir. 1987). Therefore, we do not address this argument. In addition, based on our review of the plaintiff's pleadings and argument before the district judge, we do not believe the "prequalification" argument was adequately raised in the district court.

[2] Counsel's representations during oral argument before the district court arguably indicate that the substantive due process claim was not before the court. Nonetheless, assuming the claim was properly raised before the district court, we decide this issue on the merits.