## CLAIRE D. FRIEDLANDER *v.* HENRY Z. FRIEDLANDER
## (3337)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued May 15—decision released August 20, 1985

1

*Henry Z. Friedlander,* pro se, the appellant (defendant).

*Saul Kwartin,* for the appellee (plaintiff).

DUPONT, C. J. This case is another chapter in what has become a bitter and protracted marital dissolution dispute. *Friedlander* v. *Friedlander,* 191 Conn. 81, 90, 463 A.2d 587 (1983). In this chapter, the defendant husband filed a postjudgment motion requesting that the trial court order the sale of the former marital residence of the parties. The trial court denied the motion and the defendant husband appealed.

"The parties were married in 1961. They have two children, Jeffrey, born in 1963, and Joel, born in 1966. The parties were divorced on August 19, 1971. The court approved the parties' written separation agreement and ordered it placed in the file of the case. As part of the judgment, the court awarded the plaintiff wife, inter alia, custody of the two sons, $5000 lump sum alimony, and the right to occupy the family home at 33 Lolly Lane, Stamford, which is jointly owned by the parties." Id., 83.

The plaintiff wife's right to occupy that home is the subject of this appeal. The dissolution judgment provided: "The plaintiff shall have the right to occupy the jointly owned home of the parties at No. 33 Lolly Lane, Stamford, Connecticut, until the children attain the age of twenty-one (21) years, marry, die, or become self-supporting, or if their custody is granted to the defendant, or until the plaintiff remarries, whichever event

shall first occur. Upon the occurrence of any of the events contained in this Paragraph, the home shall be sold forthwith, and the net proceeds as hereinafter defined shall be divided equally between the parties." The written separation agreement of the parties contained substantially the same wording. The provision appears in a paragraph of the separation agreement entitled "Occupancy of Home."

The defendant argues that the plaintiff's right to occupy the family home is limited to the time period in which the children have not reached the age of majority because the award of the use and occupancy of the marital residence was in recognition of the defendant's support obligation to his children.[1] The original judgment was rendered in August of 1971. In 1972, the age of majority in Connecticut was changed from twenty-one years to eighteen years. Public Acts, Spec. Sess., June, 1972, No. 127, § 1. The younger child of the parties had reached the age of eighteen years prior to the filing of the defendant's motion.

The defendant relies on *Sillman* v. *Sillman*, 168 Conn. 144, 358 A.2d 150 (1975), and *Kennedy* v. *Kennedy*, 177 Conn. 47, 411 A.2d 25 (1979), to assert that the trial court was obliged to order the sale of the home if the plaintiff's use and occupancy of the home was, in reality, child support. Both of those cases hold that without statutory authority, the courts lack subject matter jurisdiction to enforce, by contempt, orders involving child support for a child over eighteen years of age. In *Kennedy* v. *Kennedy*, supra, the court limited its ruling to facts involving an enforcement of a written separation agreement by way of a contempt motion. See also *Blaydes* v. *Blaydes*, 187 Conn. 464, 466 n.2,

---

[1] The resolution of this claim of error makes it unnecessary to address a second claim of error which depended on a favorable disposition of the first claim of error.

446 A.2d 825 (1982). The present case does not involve the use of a contempt motion to enforce a written separation agreement.

This court has held that a separation agreement is enforceable in a civil suit on the contract. *Lavigne* v. *Lavigne,* 3 Conn. App. 423, 425–26, 488 A.2d 1290 (1985). Even if the provision of the agreement involved in the present case were to be interpreted as relating solely to child support, the trial court would be correct in its judgment that the sale of the premises should not be ordered. The defendant is not seeking to enforce a written separation agreement by the use of the contempt power of the court, but, rather, is seeking the court's aid in allowing him to disavow his contract. If the court were to have ordered the sale, it would have interfered with the contractual rights of the plaintiff. Private settlements of domestic financial affairs are to be encouraged and courts should support rather than undermine such agreements. *Hayes* v. *Beresford,* 184 Conn. 558, 568, 440 A.2d 224 (1981).

The trial court's denial of the sale order is also supported because its characterization of the use and occupancy of the marital home as an award to the plaintiff is correct. *Friedlander* v. *Friedlander,* supra, 83. Further, the dissolution judgment terminates her right to occupy the home if she remarries or if she ceases to occupy the home as her home. Neither of these provisions is concerned with the majority or minority status of the children. The dissolution judgment provides her with a right to buy out the defendant's interest in the property if she remarries. There is no clause in the dissolution judgment providing for an upward adjustment in child support payments if the home is sold prior to the time the children reach the age of majority. Presumably, such a contingency would have been provided for in the agreement if the use and occupancy of the

marital home were disguised child support, since the need for shelter for the children would continue to exist if she were to remarry.

Judgments in marital dissolution actions rendered by the court in accordance with the parties' agreement are contracts approved by the court. *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 131, 429 A.2d 837 (1980). The interpretation of such an agreement presents a question of fact for the trial court, a review of which is limited to deciding whether the trial court's decision is clearly erroneous. *Lavigne* v. *Lavigne,* supra, 427. Applying that standard here, we find that the trial court's finding was not clearly erroneous. A reasonable interpretation of the language in question was that it was not an award for child support.

There is no error.

In this opinion the other judges concurred.