A. DUBREUIL AND SONS, INC. *v.* TOWN OF LISBON
(13779)

PETERS, C. J., SHEA, CALLAHAN, GLASS and HULL, Js.

Argued April 5—decision released July 10, 1990

*Richard S. Cody,* for the appellant (plaintiff).
*David S. Williams,* for the appellee (defendant).

CALLAHAN, J. On June 3, 1986, the plaintiff, A. Dubreuil and Sons, Inc., a general contractor, and the defendant, the town of Lisbon, entered into a contract for certain additions and alterations to be made by the plaintiff to the town-owned Lisbon Central School in Lisbon. The plaintiff, claiming that it was entitled to compensation for extra work performed on the project, filed a demand for arbitration with the American Arbitration Association (AAA) on November 7, 1988. The defendant thereafter informed the AAA that the contract did not require the parties to arbitrate the plaintiff's claim and that it did not agree to arbitration. As a result, the AAA notified the parties by letter dated December 16, 1988, that it "would hold this file in abeyance until such time as a court orders arbitration."

In response to the AAA's letter of December 16, 1988, the plaintiff, by complaint dated January 7, 1989, instituted an action in the Superior Court requesting an order compelling the defendant to arbitrate their differences in compliance with what it contended was their agreement requiring arbitration on the demand

of either party. Subsequently, the plaintiff filed a "Motion for Arbitration" that was heard on the short calendar and denied by the trial court. See General Statutes § 52-410 (c). Later, a motion to reconsider and reargue the same motion was also denied. From those decisions of the trial court denying its application for an order to compel arbitration, the plaintiff appealed to the Appellate Court. We transferred the appeal to ourselves, pursuant to Practice Book § 4023.

The agreement between the parties, as it concerns arbitration, is embodied in §§ 7.9.1, 7.9.2 and 7.9.3 of the standard American Institute of Architects' (AIA) printed contract document A201. The relevant portion of § 7.9.1 in its original form in the standard printed contract provided: "All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to the Contract Documents or the breach thereof . . . *shall* be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise."[1] (Emphasis added.)

---

[1] American Institute of Architects, Document A201, General Conditions of the Contract for Construction (13th Ed. 1976) §§ 7.9.1, 7.9.2 and 7.9.3 provide:

"7.9 ARBITRATION.

"7.9.1. All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof, except as provided in Subparagraph 2.2.11 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.9.4 and 9.9.5, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. No arbitration arising out of or relating to the Contract Documents shall include, by consolidation, joinder or in any other manner, the Architect, his employees or consultants except by written consent containing a specific reference to the Owner-Contractor Agreement and signed by the Architect, the Owner, the Contractor and any other person sought to be joined. No arbitration shall include by con-

Section 7.9.1 of the standard printed contract form, however, was amended by the parties, apparently at the instigation of the defendant, by a typewritten addendum to the printed contract to read in pertinent part: "All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof . . . *may* be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise."[2] (Emphasis added.)

solidation, joinder or in any other manner, parties other than the Owner, the Contractor and any other persons substantially involved in a common question of fact or law, whose presence is required if complete relief is to be accorded in the arbitration. No person other than the Owner or Contractor shall be included as an original third party or additional third party to an arbitration whose interest or responsibility is insubstantial. Any consent to arbitration involving an additional person or persons shall not constitute consent to arbitration of any dispute not described therein or with any person not named or described therein. The foregoing agreement to arbitrate and any other agreement to arbitrate with an additional person or persons duly consented to by the parties to the Owner-Contractor Agreement shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

"7.9.2 Notice of the demand for arbitration shall be filed in writing with the other party to the Owner-Contractor Agreement and with the American Arbitration Association, and a copy shall be filed with the Architect. The demand for arbitration shall be made within the time limits specified in Subparagraph 2.2.12 where applicable, and in all other cases within a reasonable time after the claim, dispute or other matter in question has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.

"7.9.3 Unless otherwise agreed in writing, the Contractor shall carry on the Work and maintain its progress during any arbitration proceedings, and the Owner shall continue to make payments to the Contractor in accordance with the Contract Documents."

[2] Article 7 of the parties' supplemental conditions, entitled "Miscellaneous Provisions," provides:

"7.9 ARBITRATION—In Paragraph 7.9.1 modify wording of first sentence as follows: '. . . provided by Subparagraphs 9.9.4 and 9.9.5, may be decided by arbitration . . . .' "

After the plaintiff's appeal was transferred to this court, the trial court, in response to the plaintiff's motion for articulation, filed a written memorandum of decision articulating its reason for denying the plaintiff's application for an order to compel arbitration. In its memorandum the trial court declared: "If one party could unilaterally compel the other party to resolve any disputes by arbitration, as the plaintiff contends, then the change in section 7.9.1 of the terms from 'shall' to 'may' would be meaningless." The trial court could reasonably have reached such a conclusion.

"Arbitration is a creature of contract." *John A. Errichetti Associates* v. *Boutin,* 183 Conn. 481, 488, 439 A.2d 416 (1981); *Gangemi* v. *General Electric Co.,* 532 F.2d 861, 865 (2d Cir. 1976); *Board of Education* v. *Bridgeport Education Assn.,* 173 Conn. 287, 290, 377 A.2d 323 (1977). It is designed to avoid litigation and secure prompt settlement of disputes and is favored by the law. *John A. Errichetti Associates* v. *Boutin,* supra; *Hartford* v. *American Arbitration Assn.,* 174 Conn. 472, 480, 391 A.2d 137 (1978); *Board of Education* v. *Bridgeport Education Assn.,* supra. " 'But a person can be compelled to arbitrate a dispute only if, to the extent that, and in the manner which, he has agreed so to do. *Visselli* v. *American Fidelity Co.,* 155 Conn. 622, 624, 237 A.2d 561 [1967]; *Frager* v. *Pennsylvania General Ins. Co.,* 155 Conn. 270, 274, 231 A.2d 531 [1967] . . . .' *Marsala* v. *Valve Corporation of America,* 157 Conn. 362, 365, 254 A.2d 469 (1969)." *John A. Errichetti Associates* v. *Boutin,* supra. No one can be forced to arbitrate a contract dispute who has not previously agreed to do so. *Ginsberg* v. *Coating Products, Inc.,* 152 Conn. 592, 596, 210 A.2d 667 (1965). The issue of whether the parties to a contract have agreed to arbitration is controlled by their intention. *Hatcho Corporation* v. *Della Pietra,* 195 Conn. 18, 20, 485 A.2d 1285 (1985); *First Hartford Realty Corpora-*

*tion* v. *Ellis,* 181 Conn. 25, 33, 434 A.2d 314 (1980); *Lar-Rob Bus Corporation* v. *Fairfield,* 170 Conn. 397, 402–403, 365 A.2d 1086 (1976). The intention of the parties is, in turn, a question of fact. *Ginsu Products, Inc.* v. *Dart Industries, Inc.,* 786 F.2d 260, 262–63 (7th Cir. 1986); *Thompson & Peck, Inc.* v. *Harbor Marine Contracting Corporation,* 203 Conn. 123, 130, 523 A.2d 1266 (1987); *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 199, 520 A.2d 208 (1987); *Bead Chain Mfg. Co.* v. *Saxton Products, Inc.,* 183 Conn. 266, 274–75, 439 A.2d 314 (1981); *First Hartford Realty Corporation* v. *Ellis,* supra; *Albert Mendel & Son, Inc.* v. *Krogh,* 4 Conn. App. 117, 123, 492 A.2d 536 (1985); *Novelly Oil Co.* v. *Mathy Construction Co.,* 147 Wis. 2d 613, 617, 433 N.W.2d 628 (1988); *Peninsular Carpets, Inc.* v. *Bradley Homes,* 58 Wis. 2d 405, 416, 206 N.W.2d 408 (1973).

It is therefore a question of fact in this instance whether the parties, in altering the printed contract by substituting "may" for "shall" in the contract's arbitration provision, intended to modify the contract to provide for consensual arbitration, rather than mandatory arbitration upon the demand of a single party. *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 178, 474 A.2d 795 (1984); *First Hartford Realty Corporation* v. *Ellis,* supra; see *Lavigne* v. *Lavigne,* 3 Conn. App. 423, 427, 488 A.2d 1290 (1985). The trial court's finding on that issue is not reversible by this court unless it was a finding that the court could not reasonably have made. *First Hartford Realty Corporation* v. *Ellis,* supra; *Heyman* v. *CBS, Inc.,* 178 Conn. 215, 227–28, 423 A.2d 887 (1979); *Lar-Rob Bus Corporation* v. *Fairfield,* supra. The plaintiff can prevail on appeal, therefore, only if it is able to demonstrate that the trial court's interpretation of the amended contract was clearly erroneous. *Ginsu Products, Inc.* v. *Dart Industries, Inc.,* supra; Practice Book § 4061;

*Rowe* v. *Cormier,* 189 Conn. 371, 373, 456 A.2d 277 (1983); *Kakalik* v. *Bernardo,* 184 Conn. 386, 393, 439 A.2d 1016 (1981); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Albrecht* v. *Albrecht,* 19 Conn. App. 146, 152, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534 (1989); *Friedlander* v. *Friedlander,* 5 Conn. App. 1, 5, 496 A.2d 964 (1985).

The cardinal rule in construing contracts is to ascertain the intention of the parties. *Finlay* v. *Swirsky,* 103 Conn. 624, 634, 131 A. 420 (1925); *McVay* v. *Anderson,* 221 Ga. 381, 385, 144 S.E.2d 741 (1965). "[I]nterpretation of an agreement [by a court] is a search for the intent of the parties." *Lavigne* v. *Lavigne,* supra, 428; *Lar-Rob Bus Corporation* v. *Fairfield,* supra. "A contract is to be construed [by the trier of fact] according to what is fairly to be assumed to be the understanding and intent of the parties." *Bridge-Mile Shoe Corporation* v. *Liggett Drug Co.,* 142 Conn. 313, 318, 113 A.2d 863 (1955); *Bronx Derrick & Tool Co.* v. *Porcupine Co.,* 117 Conn. 314, 318, 167 A. 829 (1933). "Such a determination of what the parties intended is normally a question of fact, reversible only if the trier of fact could not reasonably have arrived at the conclusion that it had reached." *Thompson & Peck, Inc.* v. *Harbor Marine Contracting Corporation,* supra, 130. " 'The intent developed is alone material, and when that is ascertained it is conclusive.' *Whitney* v. *Wyman,* 101 U.S. 392, 395 [25 L. Ed. 1050 (1880)]; *Adams* v. *Whittlesey,* 3 Conn. 560 [1821]; *Ogden* v. *Raymond,* 22 Conn. 379, 385 [1853]." *Massaro* v. *Savoy Estates Realty Co.,* 110 Conn. 452, 458, 148 A. 342 (1930).

The trial court was confronted by a printed form contract containing arbitration provisions that originally included a provision that required that disputes arising under the contract "shall be settled by arbitration." The use of the word "shall" denotes that the directive

in the contract to arbitrate was mandatory. See *United States* v. *White,* 887 F.2d 705, 710 (6th Cir. 1989); *Daily* v. *New Britain Machine Co.,* 200 Conn. 562, 572, 512 A.2d 893 (1986); *Hossan* v. *Hudiakoff,* 178 Conn. 381, 383, 423 A.2d 108 (1979); *Akin* v. *Norwalk,* 163 Conn. 68, 74, 301 A.2d 258 (1972); *Ring* v. *Williams,* 192 Ga. App. 329, 330, 384 S.E.2d 914 (1989); *Trumka* v. *Moore,* 376 S.E.2d 178, 181 (W. Va. 1988). The deliberate substitution of "may" for "shall" in the arbitration provision of the contract, on the other hand, is an indication that the parties expressly intended something other than mandatory arbitration. The word "may," unless the context in which it is employed requires otherwise, is not normally used as a word of command. *Morales* v. *Trinity Ambulance Service,* 9 Conn. App. 386, 390, 519 A.2d 90 (1986), cert. dismissed, 202 Conn. 806, 520 A.2d 1287 (1987); *Trumka* v. *Moore,* supra; Black's Law Dictionary (5th Ed.) The term "may" generally imports permissive conduct and the use of discretion. *Seals* v. *Hickey,* 186 Conn. 337, 345, 441 A.2d 604 (1982); *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 540, 429 A.2d 801 (1980); *Wye Community Club, Inc.* v. *Harmon,* 26 Ark. App. 247, 254, 764 S.W.2d 55 (1989); *Ring* v. *Williams,* supra, 916; Black's Law Dictionary (5th Ed.)

Because the command word "shall" was deliberately removed from the contract by the parties and replaced by the word "may," it was not unreasonable for the trial court to have determined that the parties intended to modify their contract to provide for consensual rather than mandatory arbitration. See *Shulman* v. *Zoning Board of Appeals,* 154 Conn. 426, 429, 226 A.2d 380 (1967); *Miller* v. *Phoenix State Bank & Trust Co.,* 138 Conn. 12, 16, 81 A.2d 444 (1951). We certainly cannot say that it was clearly erroneous for the court to have attributed such a meaning to the amended arbitration provision. See *Rowe* v. *Cormier,* supra, 373.

Further, "[w]here there is a printed form of contract, and other words are inserted [in the printed form], in writing or otherwise, it is to be assumed that they take precedence over the printed matter." *Holland* v. *Brown,* 15 Utah 2d 422, 425, 394 P.2d 77 (1964); *Quinlan* v. *Bell,* 189 Ga. App. 8, 9, 374 S.E.2d 823 (1988); *Cale Development Co.* v. *Appeals Board,* 94 App. Div. 2d 229, 234, 463 N.Y.S.2d 814 (1983), aff'd, 61 N.Y.2d 976, 463 N.E.2d 619, 475 N.Y.S.2d 278 (1984); *Farmers Elevator & Mercantile Co.* v. *Farm Builders, Inc.,* 432 N.W.2d 864, 868 (N.D. 1988); *Thiel Industries, Inc.* v. *Western Fire Ins. Co.,* 289 N.W.2d 786, 788 (N.D. 1980); *Scogin* v. *Camp,* 556 S.W.2d 850, 852 (Tex. Civ. App. 1977); 17 Am. Jur. 2d, Contracts § 271, pp. 679–80. In this instance, therefore, the replacement in the form contract of the words, "shall be decided by arbitration," by the typed words, "may be decided by arbitration," denoting consensual arbitration, could reasonably have been construed by the trial court to have been inconsistent with and to have superseded any residual wording of the printed form contract that might be compatible with binding arbitration. Otherwise, as the trial court stated, "the change in section 7.9.1 of the terms from 'shall' to 'may' would be meaningless." See *Bartlett & Co., Grain* v. *Merchants Co.,* 323 F.2d 501, 506 (5th Cir. 1963); *Goodchild & Partners, Ltd.* v. *Ready Tool Co.,* 100 Conn. 378, 381, 124 A. 38 (1924); *Allegheny Mutual Casualty Co.* v. *State,* 176 So. 2d 362, 365 (Fla. App. 1965); *S. & D. Petroleum Co.* v. *Tamsett,* 144 App. Div. 2d 849, 850, 534 N.Y.S.2d 800 (1988); *Farmers Elevator & Mercantile Co.* v. *Farm Builders, Inc.,* supra; see 17 Am. Jur. 2d, Contracts § 271, p. 680.

Finally, the plaintiff argues that even though the wording of the contract's arbitration provision was changed to read "may" arbitrate, rather than "shall" arbitrate, there remains other wording in the printed

portion of the contract in §§ 7.9.1, 7.9.2 and 7.9.3 indicative of mandatory arbitration. The plaintiff claims that the remaining language in the printed form creates an ambiguity that should be construed against the defendant, who authored the change in the contract. See, e.g., *Ravitch* v. *Stollman Poultry Farms, Inc.*, 165 Conn. 135, 145–46, 328 A.2d 711 (1973). To the extent that such an ambiguity exists, "the rule should be applied which says typed matter controls the printed instead of the rule which says that a contract will be construed against the author. *Universal C.I.T. Credit Corporation* v. *Daniel*, 150 Tex. 513, 243 S.W.2d 154 (1951); *Leslie Lowry & Co.* v. *KTRM, Inc.*, [239 S.W.2d 898, 900 (Tex. Civ. App. 1951)]; 17A C.J.S. Contracts § 324, p. 217." *Innes* v. *Webb*, 538 S.W.2d 237, 239 (Tex. Civ. App. 1976).

We cannot say that the trial court erred by concluding that arbitration, under the amended contract, required the consent of both parties.[3]

The judgment is affirmed.

In this opinion the other justices concurred.

---

[3] In support of its position the plaintiff cites a number of cases from the federal courts and courts of other states in which the use of the word "may" has been construed as mandating arbitration on the demand of a single party. None of those cases, however, is analogous to the present case because they do not implicate the specific factual situation encompassed herein, i.e., a modification from "shall" to "may" of the contract provision concerning arbitration. Absent the express change, the result in this instance might very well have been different. See, e.g., *Bonnot* v. *Congress of Independent Unions Local #14*, 331 F.2d 355, 359 (8th Cir. 1964); *Louisa* v. *Newland*, 705 S.W.2d 916, 919 (Ky. 1986).

The Connecticut cases cited by the plaintiff for the proposition that "may" mandates arbitration under the facts of this case are inapposite. See *Paranko* v. *State*, 200 Conn. 51, 509 A.2d 508 (1986); *East Hartford* v. *East Hartford Municipal Employees Union, Inc.*, 10 Conn. App. 611, 525 A.2d 112 (1987), rev'd on other grounds, 206 Conn. 643, 539 A.2d 125 (1988).