[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (No. 104)
The plaintiff DiCesare-Bentley Engineers, Inc. have filed this breach of contract claim against the defendants City of New London and Congress Group Ventures alleging an unpaid balance due pursuant to a contract dated June 15, 1987.
The defendant Congress Group Ventures now moves to dismiss on the grounds that "the plaintiff's claim against Congress Group arises from a contract requiring arbitration of all claims, counterclaims, disputes and other matters in dispute between the parties."
Both parties have filed memoranda of law in support of their respective positions pursuant to Connecticut Practice CT Page 1553 Book Section 143.
The motion to dismiss is the appropriate method by which a defendant challenges the jurisdiction of the court to hear the case. Connecticut Practice Book Section 142. As a general rule, the defendant has the burden of proof as to jurisdictional issues. Standard Tallow Corp. v. Jowdy,190 Conn. 48, 53 (1983).
In this case, the plaintiff has alleged breach of the June 15, 1987 contract between the parties. The portion of the contract (which was attached by both parties to their memoranda of law) relevant to this motion states:
 All claims, counterclaims, disputes and other matters in question between the parties hereto arising out of or relating to this Agreement on the breach thereof may be decided by arbitration in accordance with the . . . Rules of the American Arbitration Association.
"Agreement," Section 6.5.1, June 15, 1987 (emphasis added).
The Connecticut Supreme Court has recently construed a similar arbitration clause.
 "Arbitration is a creature of contract. ". . . It is designed to avoid litigation and to secure prompt settlement of disputes and is favored by law. . ." But a person can be compelled to arbitrate a dispute only if, to the extent that, and in the manner which, he has agreed to do so.". . .No one can be forced to arbitrate a contract dispute who has not previously agreed to do so. . . The issue of whether the parties to a contract have agreed to arbitration is controlled by their intention. . . The intention of the parties is, in turn, a question of fact. . .
A. Dubreuil Sons, Inc. v. Lisbon, 215 Conn. 604, 608-09
(1990) (citations omitted).
The court in Dubreuil then went on to consider the distinction between the phrases "may arbitrate" and "shall arbitrate." The deliberate substitution of `may' for `shall' in the arbitration provision of the contract. . . is an indication that the parties expressly intended something other CT Page 1554 than mandatory arbitration. The word `may,' unless the context in which it is employed requires otherwise, is not normally used as a word of command. . . The term `may' generally imports permissive conduct and the use of discretion." Id. at 611 (citations omitted).
The use of the phrase "may arbitrate" in the instant contract at least raises the inference that arbitration was not meant to be mandatory and the Court therefore has subject matter jurisdiction to consider the factual issues raised.
The motion to dismiss is denied.
BURNS, J.