[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff-landlord in this action seeks damages for the defendant-tenant's alleged breach of lease. The defendant has filed a motion to stay these proceedings pursuant to Connecticut General Statutes 52-409, which authorizes the court to stay an action until arbitration is held in accordance with a written agreement between the parties. The lease between the parties contains an arbitration provision, but the parties disagree as to the proper interpretation of the arbitration clause.
The plaintiff Agnes-Sue Associates is a general partnership formed in 1981. The plaintiff entered into a lease with the defendant for certain commercial property on December 14, 1983. The lease contains an arbitration provision, which reads as follows :
 ARBITRATION: If any dispute arises during the term of this lease or any extension thereof, then either party may request that the matter be referred to Arbitration in which evant [sic] an Arbitration Panel shall be convened by the AMERICAN ARBITRATION ASSOCIATION or a successor organization. The Arbitration Panel shall not add to or vary the specific terms of this document. The Award of the Arbitration Panel shall be final and binding on the parties. The parties shall equally share the costs of the Arbitration Panel and facilities.
In May 1984, the defendant was admitted as a partner of the plaintiff partnership pursuant to a written amendment to the partnership agreement.
Promptly after the return date in this action, the defendant filed a demand for arbitration with the American Arbitration Association. He then filed this motion to stay this action pending the outcome of the arbitration proceedings. The plaintiff opposes the motion, claiming that the arbitration agreement provides for arbitration only if both parties to the lease agree CT Page 2929 to arbitrate. This contention cannot be sustained, however, in light of the clear and unambiguous wording of the arbitration clause.
Paragraph 6 of the lease provides that if a dispute arises, "then either party may request that the matter be referred to Arbitration in which evant [sic] an Arbitration Panel shall be convened by the AMERICAN ARBITRATION ASSOCIATION. . . ." (Emphasis added.) This provision clearly gives either party the right to demand arbitration and if one party demands it, then arbitration must be held. The arbitration clause makes no reference to the consent of both parties; arbitration is mandated if "either party" requests it. The consent of the second party is not required.
The plaintiff claims that A. Dubreuil Sons, Inc. v. Lisbon,215 Conn. 604 (1990), provides support for its claim that the clause at issue here provided for consensual arbitration. Dubreuil has no direct application here, however, because of the significant difference in the wording of the arbitration clause which was at issue there. The plaintiff further contends that the arbitration clause of the lease must be construed together with paragraph ten of the lease, entitled "DEFAULT," which provides in pertinent part, "In the event that the LESSEE is in default of any of his obligations under this lease, then in such event the LESSORS shall have all legal rights available."
There is no inconsistency between the arbitration clause of the lease and the provisions of paragraph 10. As the defendant concedes, the plaintiff had the right under the lease to bring this action in court. The defendant then had the option of defending in court or demanding arbitration. If the defendant had not elected arbitration, the parties would have proceeded to litigate their claim in court.
The plaintiff's final claim is that because the arbitration provision in the lease is different from the mandatory arbitration clause in the partnership agreement, the lease clause must be construed as providing for arbitration only by mutual consent. Although it is true that the 1981 partnership agreement for the plaintiff provides for mandatory arbitration, that has no bearing on the proper interpretation of the lease clause. The defendant was not a partner of the plaintiff partnership when it was formed and he had no part in the drafting of the partnership arbitration clause.
The court finds that the issue involved in this action, the alleged breach of lease by the defendant, is arbitrable pursuant to the terms of the lease. The court further finds that the defendant is ready and willing to proceed with arbitration. Although there is some ambiguity in the defendant's demand for CT Page 2930 arbitration filed July 31, 1990 in that it is unclear whether the particular issue of his alleged default under the lease is included within the issues submitted for arbitration, the defendant has indicated his willingness to amend the demand to specifically include the issue which forms the basis of this action.
The motion to stay these proceedings pending arbitration, pursuant to Conn. General Statutes 52-409, is granted.
CHRISTINE S. VERTEFEUILLE, JUDGE CT Page 2931
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2932
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2933