[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, J. Roger Swiderski and J. Roger Swiderski, R.P.T., P.C., have filed a Motion to Compel Arbitration of this matter pursuant to Connecticut General Statutes 52-408 and52-409. The plaintiffs seek to stay the arbitration proceedings by the American Arbitration Association; or they seek an order restraining any arbitration proceedings except with respect to those parties who have specifically agreed to arbitration, and with respect to only those issues which the parties specifically agreed to arbitrate; or for an order to stay the arbitration of this matter until this litigation is concluded; or for the entry of such other order or relief as may be fair and equitable.
The defendant, J. Roger Swiderski, is an individual and the defendant, J. Roger Swiderski, R.P.T., P.C., is a corporation. The plaintiff and the individual defendant, J. Roger Swiderski, entered into an employment agreement on March 12, 1992. Paragraph #11 of that agreement reads as follows:
 11) ARBITRATION: Any controversy, claim, or breach arising out of or relating to this Agreement shall be submitted for settlement to a panel of three arbitrators. Each party shall select an arbitrator and the two thus chosen shall select a third. The decision of a majority of the arbitrators shall be final and binding on the parties. If the two arbitrators cannot agree upon a third arbitrator, the American Arbitration Association will be requested to appoint an arbitrator. Such arbitration shall be held in Waterbury, Connecticut, in accordance with the rules and practices then pertaining, and the judgment upon the award rendered may be entered by consent in CT Page 4279 any court having jurisdiction thereof.
A dispute has now arisen between the parties relative to the aforementioned employment agreement.
"`[A] person can be compelled to arbitrate a dispute only if, to the extent that, and in the manner which, he has agreed so to do.'" A. Dubreuil Sons, Inc. v. Lisbon, 215 Conn. 604,608, 577 A.2d 709 (1990). Whether the parties have agreed to arbitrate is an issue of the intention of the parties. Id. "An agreement to arbitrate must be clear and direct and not depend on implication." Harry Skolnick Sons v. Heyman, 7 Conn. App. 175,179, 508 A.2d 64 (1986). The court may determine whether or not the parties have agreed to arbitrate. Total Property Services New England v. Q.S.C.V., 30 Conn. App. 580, 591,621 A.2d 316 (1993). The court may enforce an agreement to arbitrate. Gary Excavating, Inc. v. North Haven, 164 Conn. 119,122, 318 A.2d 84 (1972). "[T]he arbitrability of a dispute is a legal question for the court unless the parties have clearly agreed to submit that question to arbitration." Board of Education v. Frey, 174 Conn. 578, 580-81, 392 A.2d 466 (1978). When the language of the arbitration agreement is broad, the arbitrators should determine which issues are subject to arbitration. Gary Excavating, Inc. v. North Haven, supra, 123 ("any disagreement arising out of this contract or from the breach thereof shall be submitted to arbitration").
"No one can be forced to arbitrate a contract dispute who has not previously agreed to do so." A. Dubreuil Sons, Inc. v. Lisbon, supra, 608.
In this matter, the court finds that the plaintiff and the individual defendant, J. Roger Swiderski, agreed to arbitrate "[a]ny controversy, claim or breach arising out of or relating to this [employment] Agreement." (Paragraph 11 above). However, the defendant, J. Roger Swiderski, R.P.T., P.C., is not a party to the arbitration agreement and not bound by its terms. Therefore, the court compels arbitration only on the claims against J. Roger Swiderski as an individual.
General Statutes 52-409 provides that the court shall stay court proceedings on issues that are referable to arbitration. Therefore, the court stays the plaintiff's claims as to J. Roger Swiderski as an individual only, but not as to the claims alleged against the defendant, J. Roger Swiderski, R.P.T., P.C. CT Page 4280
/s/ William J. Sullivan WILLIAM J. SULLIVAN, J.