[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ACCEPTANCE OF REPORT OF ATR
The plaintiff instituted the present action against the corporate defendant, Pan Corp. Construction ("Pan Corp") seeking to recover outstanding balances due for goods and materials purchased from the plaintiff. Suit was also brought against the individual defendant, Dominick Paniccia, president of Pan Corp., who signed an individual guarantee. The matter was submitted to an Attorney Trial Referee (ATR) who recommended that judgement enter against the defendant Pan Corp. in the amount of $93,983.32 plus interest and costs and that judgment be entered against the individual defendant in the amount of $25,000 i.e. the extent of his personal guarantee. The sole issue raised by the plaintiff is based upon the assertion that the ATR should not have limited the individual guarantor's liability to the sum of $25,000. CT Page 12261
On October 23, 1994 the defendant, Paniccia, on behalf of the defendant Pan Corp. entered into an agreement with the plaintiff whereby the plaintiff was to extend credit to Pan Corp up to the limit of $25,000. The agreement itself contains a blank stating "credit limit" with a "$" and thereafter the sum of "$25,000" was inserted in handwritten form. The agreement was guaranteed by the individual defendant who signed underneath a printed form stating: "The undersigned, by a signature below, warrants the above information to be true, and has read and agrees to the general terms and conditions set forth above and on the reverse side hereof and has received an exact copy of this application." The reverse side of the form contains following provisions:
 "7. In consideration of the Seller agreeing to supply and sell to the Buyer goods, services, materials and supplies, the Guarantor hereby guarantees the full and punctual payment of all indebtedness which the Buyer has incurred or may incur in the supply and sale of said material including in any indebtedness in excess of the credit limit approved.
 It is understood that this guaranty shall be absolute and continuing and an unlimited guarantee of payment and a primary and unconditional obligation intending to cover all existing and future indebtedness of the Buyer to the Seller including but not limited to payment of interest and attorneys fees and costs due upon default as provided above and including any indebtedness in excess of the credit limit approved."
The sole claim by the plaintiff is based upon the above quoted language and asserts that the ATR was required, as a matter of law, to recommend judgment against the guarantor for the full amount of the obligation. The defendant claims that the ATR decided a factual issue and that, after instituting suit, a "plus" sign was added to the original document after the $25,000.
There may be questions as to whether printed language which transforms a credit limit into an unlimited guarantee CT Page 12262 may be properly be termed "general terms and conditions" SeeSouthern New England Telephone Co v. Public UtilitiesCommission, 144 Conn. 516, 512 (1957). The determination as to what the parties intended to encompass in their contractual committments is a question of fact. Barry v. Posi-SealInternational Inc., 36 Conn. App. 1, 6 (1994). As a matter of contract interpretation, specific provisions of a contract will control over general provisions. Bead ChainManufacturing Co. v. Saxton Products, 183 Conn. 266, 273
(1981); See Restatement (Second), Contracts § 203(c); 4Williston on Contracts (3rd Ed. Jeager 1961) § 619 pp. 743-744. In addition handwritten terms of a contract will control over preprinted forms. A. Dubreuil Sons Inc. v.Lisbon, 215 Conn. 604, 611 (1990); See Restatement (Second), Contracts § 203(d); Williston, supra § 622, pp. 774-88.
The court therefore cannot conclude, as a matter of law, the ATR was required to interpret the contract in the manner asserted by the plaintiff. Accordingly the report of the ATR accepted and judgement may enter in accordance therewith.
RUSH, JUDGE