[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #106
The issue in this case is whether the plaintiff, Sperry Coccoloni's motion for summary judgment should be granted as to count six of her complaint because there is no genuine issue of material fact as to MDT Corporation's (MDT) obligation to repay upon demand the alleged debt owed to Coccoloni by MDT Corp.
Coccoloni has brought this action as the executrix of the estate of Walter Coccoloni (the decedent). In her eleven count' amended complaint, filed November 3, 1994, Coccoloni alleges in, CT Page 215 count six that MDT is indebted to the decedent in the principal amount of seventy-five thousand dollars, payable upon demand. Coccoloni alleges further that MDT's refusal to repay the debt upon demand constitutes a breach of contract.
On November 7, 1994, Coccoloni filed the present motion for summary judgment as to count six of her complaint. She has attached to her motion a memorandum of law in support thereof, her own affidavit, uncertified excerpts of the transcript of the deposition of Millo Bertini, various letters and other records relating to the loans made to MTD by the decedent, and a copy of a letter from Coccoloni, demanding payment in the sum of seventy-five thousand dollars. MDT has filed a memorandum of law in opposition to Coccoloni's motion, and has attached an affidavit of Millo Bertini, a co-defendant and part owner of MDT Corp.
At oral argument, on December 12, 1994, Coccoloni filed with the court a reply memorandum of law in support of her motion and attached thereto further supporting documents.
Neither party has produced a written instrument, agreement or contract that concerns the subject loans and/or the terms of their repayment.
Pursuant to Practice Book § 384, summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 103,639 A.2d 507 (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id. 105-06. Moreover, "if a moving party's papers are insufficient to discharge his burden of showing that no material fact is genuinely in issue, the opposing party does not have to produce contravening material."Walker v. Lombardo, 2 Conn. App. 226, 269, 477 A.2d 168 (1984).
In her memorandum in support of her motion, Coccoloni argues that no genuine issue of material fact exists as to the debt owed by MTD and that the debt is payable upon demand. In Coccoloni's affidavit she states that her deceased husband told her from time CT Page 216 to time that the money he loaned MTD was to be repaid upon demand.
In his affidavit, submitted by MTD in opposition to Coccoloni's motion, Millo Bertini, while not disputing the amount owed, states that the loans "were to be repaid only when both [the decedent and he] agreed that MTD could afford to make such repayment." Hence, MTD argues that a genuine issue of material fact exists as to the repayment term, and that as a result, summary judgment must be denied.
"The cardinal rule in construing contracts is to ascertain the intention of the parties. . . . [I]nterpretation of an agreement [by a court] is a search for the intent of the parties. . . . A contract is to be construed [by the trier of fact] according to what is fairly to be the understanding and intent of the parties. . . . Such a determination of what the parties intended is normally a question of fact". (Citations omitted; internal quotation marks omitted.) A. Dubreuil Sons Inc. v. Lisbon, 215 Conn. 604, 610,577 A.2d 709 (1990); see also Thompson and Peck. Inc. v. HarborMarine Contracting Corp.; 203 Conn. 123, 130, 523 A.2d 1266
(1987), Rosick v. Equipment Maintenance Service Inc., 33 Conn. App. 25,38, 632 A.2d 1134 (1993).
In the present case, the parties are in disagreement as to the repayment term of the agreement pursuant to which Walter Coccoloni loaned money to MTD. MTD has produced evidence that the repayment of loans was dependant upon the decedent and Millo Bertini's agreement that MTD could afford to repay the loans. Coccoloni has stated in her affidavit that the decedent expressed to her that the loans were to be repaid upon demand. Neither party has produced any writing that defines the repayment term. As such, it is clear that a genuine issue of material fact exists as to the intent of the parties to the loans.
Coccoloni argues in her reply memorandum that even if a question of fact exists as to the repayment term of the loans, because Walter Coccoloni is deceased, there can be no agreement between him and Bertini as to whether MTD can afford to repay the loans. Hence, Coccoloni argues that compliance with the repayment; term as defined by Bertini in his affidavit is now impossible. Coccoloni argues further that because such compliance is impossible, the court is bound to imply a repayment term requiring repayment upon demand. In support of the latter proposition, Coccoloni cites Mackey v. Dobruci, 116 Conn. 666, 166 A.2d 393
(1933) and Guth v. Hamlet Associates Inc., 334 S.E.2d 558 (Va., CT Page 217 1985). Both of these cases involve, however, repayment terms that were entirely absent from the original written agreements at issue. In contrast, Coccoloni has not argued that no repayment term exists, but rather that compliance with the repayment term suggested by MTD has become impossible. If the finder of fact in the present case determines that the intent of the parties was in conformity with MTD's version of the repayment term, and if the court were to determine that compliance with that term is now impossible, clearly the court is not bound to treat the agreement as though no term ever existed. Rather, under such circumstances, the court should imply a repayment term which serves, as nearly as possible, the intent of the parties to the agreement as determined by the trier of fact. Therefore, since the substance of the repayment term constitutes a genuine issue of material fact, even if the compliance with the term is now impossible and the court, as MTD asserts, is required to imply a term, the court cannot do so until the intent of the parties has been determined by the trier of fact. Accordingly, Coccoloni's motion for summary judgment is denied.