[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS (#106)
The present action arises out of a dispute over legal fees between the plaintiff, Allan S. Mall, and his former client, Doreen Buzzeo, formerly known as Doreen Konkos. On September 5, 1996, the defendant, who is appearing pro se, filed a "Motion to Dismiss Motion to Default/Failure to Plead." The defendant essentially requests that the court deny the plaintiff's motion for default for failure to plead filed on August 27, 1996, and refer this matter to the Connecticut Bar Association Committee on the Arbitration of Legal Fee Disputes. The plaintiff's motion (#107) for default for failure to plead was denied by the court on September 24, 1996, because the defendant's answer had been filed. The remaining issue is whether this case should be referred to the Connecticut Bar Association (CBA) for arbitration.
"Arbitration is a creature of contract. . . . It is designed to avoid litigation and secure prompt settlement of disputes and is favored by the law. . . . But a person can be compelled to arbitrate a dispute only if, to the extent that, and in the manner which, he has agreed so to do. . . . No one can be forced to arbitrate a contract dispute who has not previously agreed to do so." (Citations omitted; internal quotation marks omitted.) A.Dubreuil Sons. Inc. v. Lisbon, 215 Conn. 604, 608, 577 A.2d 709
(1990).
The contract between parties in the present case does not provide for the arbitration of fee disputes. See Complaint, Exhibit A. Nor does any other written agreement between the parties CT Page 1645 indicate an intent to submit contract disputes to arbitration. Therefore, the plaintiff cannot be compelled to arbitrate the fee dispute. Accordingly, the defendant's motion to refer this matter to arbitration is denied.
KARAZIN, J.