[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of a written agreement between the plaintiffs in this action, Roger Burrows and Lauren Nadler, and the defendant, Clark Construction of Ridgefield, Inc., for the renovation of premises owned by the plaintiffs. On May 2, 2000, the defendant commenced this procedure against the plaintiffs alleging breach of contract and unjust enrichment. The plaintiffs subsequently filed a two count counterclaim against the defendant alleging breach of contract and violations of the Connecticut Unfair Trade Practices Act. On January 19, 2001, the plaintiffs submitted an application for an order to proceed with arbitration and a motion to stay. In response, the defendant filed a motion to dismiss the plaintiffs.[1]
General Statutes § 52-410 provides a mechanism by which a party to a contract containing an arbitration clause who desires arbitration of a dispute, "may apply to the trial court . . . for an order directing theCT Page 2433parties to proceed with arbitration.[2]. . .[I]n granting or denying an order directing the parties to proceed with arbitration under § 52-410, the trial court must determine whether the contract between the parties provides for arbitration." (Emphasis in original.) Success Centers, Inc.v. Huntington Learning Centers, Inc., 223 Conn. 761, 768-69 (1992).
"Arbitration is a creature of contract and without a contractual agreement to arbitrate there can be no arbitration. . . .No one can be directed to arbitrate a dispute who has not previously agreed to do so. . . ." (Citations omitted; internal quotation marks omitted.) Scinto v.Sosin, 51 Conn. App. 222, 227 (1998), cert. denied, 247 Conn. 963
(1999). "The issue of whether the parties to a contract have agreed to arbitration is controlled by their intention." A. Dubreuil Sons, Inc.v. Lisbon, 215 Conn. 604, 608-09 (1990). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to that intent. . . .Contract language is unambiguous when it has a definite and precise meaning . . . concerning which there is no reasonable basis for a difference of opinion. . . .The rules of construction are applied only if the language of the contract is ambiguous, uncertain or susceptible of more than one construction." (Citations omitted; internal quotation marks omitted.) Levine v. Advest, Inc., 244 Conn. 732, 746
(1998).
The plaintiffs have requested that the court compel the defendant to proceed with arbitration and stay any proceedings initiated by the defendant pending arbitration. In their memorandum, the plaintiffs argue that their motion should be granted, because the underlying dispute between the parties is subject to compulsory arbitration pursuant to their agreement. The defendant contends that the plaintiffs' motion must be denied, because the arbitration provision in the agreement applies only to the plaintiffs, and therefore, it is inapplicable to any action initiated by the defendant.
Paragraph M of the parties' agreement provides in relevant part: "Customer agrees to resolve disputes over $2000 through binding arbitration through the Better Business Bureau." The interpretations of the arbitration provision advanced by each party are equally plausible. Thus, the arbitration provision is ambiguous, and the rules of construction are applicable.
"It is generally accepted . . . when two or more meanings may fairly be given to language in a contract, the language is to be construed against the one who drew it . . . and, likewise, the language of a contract is typically construed most strongly against the party whose language it is and for whose benefit it was inserted." (Citations omitted.) Sturman v.Socha, 191 Conn. 1, 9 (1983). Examining the agreement at issue, it is CT Page 2434 evident that it was drafted by the defendant, and therefore, the court must favor the construction advanced by the plaintiffs that the arbitration provision was meant to bind both parties to arbitrate any dispute involving a claim over $2000. Because the underlying dispute between the parties involves a claim over $2000, the plaintiffs' motion to compel arbitration is granted and the defendant's motion to dismiss is denied. Furthermore, because the court is satisfied that there is an issue that is properly referable to arbitration and the plaintiffs have shown that they are ready and willing to arbitrate, the court is compelled by General Statutes § 52-409 to stay these proceedings pending that arbitration.[3]
The motion to compel is granted, and the statutory stay is imposed.
Moraghan, J.T.R.