[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO STAY AND COMPEL ARBITRATION
The plaintiff Mark DePucchio, in his four-count complaint, alleges that the defendants (referred to herein collectively as Cigna) discriminated against him on the basis of age and ethnic origin in violation of the Connecticut Fair Employment Practices Act, General Statutes §§ 46a-51
et seq. (CFEPA) by inter alia firing him. DePucchio also pleads claims of negligent infliction of emotional distress and breach of a covenant of good faith and fair dealing.
DePucchio alleges that he worked for the "Real Estate Group" of the defendants for about fourteen years beginning in 1986, that his work was held in high regard, and he received favorable evaluations and promotions. In March 2000, without any warning, DePucchio alleges he received an organization chart showing his position vacated. A month later he was notified of termination, and he alleges the Real Estate Group hired two new employees under the age of thirty. DePucchio also alleged that during the last few years of his employment, the chair of the Real Estate Group made disparaging ethnic remarks about him and that he was terminated in order to deny the vesting of certain stock options he had been granted.
DePucchio alleges that the three corporate defendants have common ownership and exercised joint and common control over the terms and conditions of his employment and are therefore jointly and severally liable for the alleged claims.[1]
Cigna now moves, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1
et seq., to stay these judicial proceedings and compel arbitration of DePucchio's claims. The law is quite clear and the parties do not dispute that the Federal Arbitration Act makes valid and enforceable any written contract involving commerce providing for the arbitration of disputes;9 U.S.C. § 2; and that a party to such agreement may seek in this CT Page 3866 court a stay of proceedings and an order compelling arbitration of the dispute. Id. § 4.
The basis for Cigna's motion is their contention that DePucchio agreed to be bound by Cigna's "Arbitration Policy" which was announced in 1995 and in effect at the time of DePucchio's termination in June 2000. That Policy, as set forth in a memorandum dated August 3, 1995 to all Cigna Investment Management Employees, dealt with "resolution of employment disputes with company." An employee "dissatisfied with the result of the internal portion of the Employment Dispute Resolution Program . . . who wants to pursue the dispute further must process the dispute in accordance with the mediation/arbitration policy. Ward Declaration, Ex. 2. A copy of the Policy was purportedly attached to the memorandum, but is not before the court.
The United States Supreme Court has regularly recognized a strong policy of favoring arbitration. Moses H. Cone Memorial Hospital v. MercuryConstruction Corp., 460 U.S. 1, 24 (1983); Gilmer v. Interstate/JohnsonLane Corp., 520 U.S. 20, 25 (1991). Referencing the Federal Arbitration Act, the Supreme Court has held that its provisions make agreements to arbitrate as enforceable as any other contract and has held that disputes, such as this one, involving statutory civil rights claims are subject to arbitration if they are covered by the language of the agreement. Gilmer, supra.
Cigna contends that the memorandum announcing the arbitration/mediation policy in 1995 made that policy a condition of employment which DePucchio accepted by continuing to work for Cigna thereafter. Cigna further contends that employees were advised in 1998 that they were required to accept the policy as a condition of their continued employment. According to Cigna, DePucchio was given an Employee Handbook in August 1998 which stated on the first page there were two terms of each employee's relationship with the company: first, that each employee was an at-will employee, that is the employment was not for any fixed term and that both the employee and Cigna could terminate it at any time; second, that by accepting employment each employee agreed not to go to court to resolve an employment-related claim and agreed to "resolve all employment related legal disputes . . . by going to a neutral third-party arbitrator" Ward Declaration Ex. 1. Cigna submits a document indicating by DePucchio's signature that he received the Employee Handbook and had reviewed it on or before August 18, 1998. The Arbitration Policy required arbitration of any employment related dispute involving state statutes and common law claims arising out of termination of employment.
In opposition to Cigna's motion, DePucchio, in an affidavit, states CT Page 3867 that he did not agree to the Arbitration Policy. He states that in the summer of 1998 he was given a document which in substance said that he had received the Employee Handbook and that by accepting employment and being eligible for increases in compensation and benefits, he agreed to use Cigna's internal and external employment dispute resolution processes to resolve legal claims against Cigna rather than going to court and he agreed to submit employment related legal claims to final and binding arbitration. The document had a place for the signature of the employee. Rather than signing it, however, DePucchio states that at a meeting with his supervisor, he and others "objected to signing the agreement . . . I never turned in the form. Instead, I threw it away." DePucchio Affidavit, ¶ 8, Ex. U.
The dispositive issue before the court is whether there was an agreement between Cigna and DePucchio to arbitrate the claims alleged in this case. Arbitration is not required or mandated when there is no agreement to arbitrate. Volt Information Services, Inc. v. Board ofTrustees, 489 U.S. 468, 478 (1989); United Steelworkers of America v.Warner Gulf Navigation Co., 363 U.S. 574 (1960). A person can be compelled to arbitrate only if, and to the extent that, he has agreed to do so. A. Dubreuil Son. Inc. v. Lisbon, 215 Conn. 604, 608 (1990). Whether there was an enforceable agreement to arbitrate is a matter to be decided pursuant to the law of Connecticut. See First Options ofChicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Perry v. Thomas,482 U.S. 483, 492 n. 9 (1987).
The key to whether an agreement to arbitrate has been made and exists, is the intention of the parties. A. Dubreuil Sons, Inc. v. Lisbon,supra, 215 Conn. 608 (citing cases). In order to reach an enforceable arbitration agreement, the agreement must be in writing, but it is not necessary that both parties sign it. See Genesco, Inc. v. T. Kakiuchi Co., 815 F.2d 840 (2d Cir. 1987). DePucchio argues that not only did he not intend to agree to Cigna's arbitration policy, he made that intention clear by telling his supervisor and refusing to sign the document evidencing an agreement. Cigna counters by asserting that, as an at-will employee who could leave his job at any time, DePucchio agreed to the arbitration policy by continuing in Cigna's employ and accepting salary and benefits.
Cigna submits that two legal consequences flow from the fact that DePucchio was well aware of the company's Arbitration Policy, at least as of 1998. First, they assert that the Employee Handbook made clear that a condition of employment was acceptance of the Arbitration Policy and that DePucchio's acknowledgment that he had received and reviewed the contents of the Handbook and continued to accept employment by Cigna was actual CT Page 3868 assent or agreement to the Arbitration Policy. DePucchio contends that his words to his supervisor and his actions in refusing to sign the agreement manifest just the opposite.
Second, Cigna argues that because DePucchio was an at-will employee and was free to reject Cigna's job condition at any time by terminating his employment there, and did not, he is deemed as a legal matter to have consented to the Arbitration Policy. Indeed, the principle that continued employment establishes agreement to a newly imposed job condition has been approved by cases in several state and federal courts. See e.g.Faulkenbury v. Teachers' and State Employees' Retirement System of NorthCarolina, 345 N.C. 683 (1997); Durkin v. Cinna Property CasualtyCo., 942 F. Sup. 481, 488 (D.Kan. 1966) (applying Kansas law).
In Connecticut, however, the above principle is not so clear or well settled. The Connecticut Supreme Court dealt with this issue at some length in Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.,234 Conn. 1 (1995). In that case the court first recognized that all employer-employee relationships, not governed by an express or written contract, involve some type of implied contract. Id. 13. The court pointed out that proposed modifications to the contract by means of circulation of an employee handbook, must be accepted by the employee.Id. 14. In this context the court stated:
When an employer issues an employment manual that substantially interferes with an employee's legitimate expectations about the terms of employment, however, the employee's continued work after notice of those terms cannot be taken as conclusive evidence of the employee's consent to those terms.
Id., 18. The court also noted that it was not deciding whether a change to work conditions that did not materially interfere with an employee's legitimate expectations could be accepted by continuing employment. Id., 19, n. 7.
This court notes that Torosyan is not precisely this case, in that the employee-plaintiff in that case claimed that he had been promised his employment would be terminated only for cause, and the employment manual purportedly changed his status to an at-will employee. As the Torosyan
opinion explained for that employee, the right to terminate his employment "would result in the loss of the very right at issue . . . the right to retain employment until terminated for cause." Id., 19.
With Torosyan in mind, it is useful to examine Connecticut cases which have dealt with the issue of adding an arbitration requirement during the CT Page 3869 course of employment. There are several; many of which deal with the same Cigna Arbitration Policy. In Gibbs v. Connecticut General Life InsuranceCo., Superior Court, judicial district of Hartford-New Britain, at Hartford, CV97 0567009 (March 3, 1998, Hennessey, J.) (23 Conn.L.Rptr. 277), the plaintiff, an employee of a Cigna subsidiary for twenty-five years made claims in 1995 that the defendant had violated CFEPA and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. The defendant moved to stay the action and compel arbitration based on the Cigna Arbitration Policy announced in 1995 by memorandum. The plaintiff alleged that he had not even read the memorandum until after he became disabled. The court ruled there was no meeting of the minds on the Arbitration Policy and therefore it was not binding on the plaintiff. TheGibbs court also found that the Policy was beneficial to the Cigna company and detrimental to the plaintiff, in that it limited his jury trial rights, and therefore there was a lack of consideration for the modification.
In Wood v. Connecticut General Life Insurance Co., Superior Court, judicial district of Tolland at Rockville, CV98 66592 (October 28, 1998, Kaplan, J.), the same Arbitration Policy was at issue. In that case the plaintiff, an employee of twelve years, filed a claim against a Cigna subsidiary with the Connecticut Commission on Human Rights and Opportunities (CHRO) in 1996, prior to receiving a copy of the Arbitration Policy. The court found that the Cigna company did not tell the plaintiff arbitration was required, only that it was an option. Because the plaintiff had told the Cigna company she did not wish to arbitrate, the court found there was no enforceable arbitration agreement between the parties.
In Powers v. United Healthcare, Superior Court, judicial district of Hartford at Hartford, CV00 0599925 (March 2, 2001, Wagner, J.T.R.) (29 Conn.L.Rptr. 119), the plaintiff claimed she accepted the offer of employment on September 27, 1999 and that the arbitration provision in the employee handbook which she only acknowledged on her first day of work on October 18, 1999 lacked mutuality and consideration. The court found that the arbitration provision was an integral part of her initial employment agreement, and in fact, its existence had been communicated to her before she accepted the job. A motion to stay court proceedings and compel arbitration was granted.
Three decisions emanating from the United States District Court for the District of Connecticut deal with Cigna's Arbitration Policy. The first chronologically is Fahim v. Cigna Investments, Inc., Docket No. 3:98 CV232 (PCD) (D.Conn. Sept. 10, 1998), in which the plaintiff began an at-will employment relationship with the defendant in 1993. In August CT Page 3870 1995, the defendant announced its Arbitration Policy and circulated another memorandum about it in 1996 which stated "[t]his policy is intended to prevent an employee from going to court over employment related disputes." The plaintiff acknowledged receiving these memoranda, but alleged she did not understand their scope and also alleged she was told information contradicting the memoranda by a senior vice president of human resources, James White. White wrote a memorandum to the file, dated January 13, 1996 stating plaintiff had the option of going "directly to CHRO." District Judge Dorsey distinguished Torosyan on the ground, noted above, that it involved an employee who was not an at-will employee. Therefore, the court found that the plaintiff did not have a "legitimate expectation" to be free of the Arbitration Policy, holding that the legitimate expectations described in Torosyan were limited to employment conditions one is entitled to as a matter of contract right.
The court found, therefore, that the plaintiff's continued acceptance of employment constituted acceptance of the Arbitration Policy. Judge Dorsey found that the conversation memorialized in the White Memorandum was superseded by the 1996 Memorandum.
A little over two months later, in Phillips v. Cigna Investments,Inc., 27 F. Sup.2d 345 (D.Conn. 1998), District Judge Goettel issued a decision involving the Cigna Arbitration Policy involving an at-will employee from 1995 to 1998. The court found that the plaintiff had a legitimate expectation that she could bring a race discrimination claim in federal court and the Arbitration Policy interfered with this expectation. Therefore, under Torosyan the court determined that her continued employment did not constitute acceptance of the policy, and she was not bound by it.
Finally, in Casey v. Connecticut General Life Insurance Co.,93 F. Sup.2d 165 (D.Conn. 1999), Judge Covello held that an at-will employee's conduct after announcement of the Arbitration Policy constituted assent to the Policy. In that case, the plaintiff worked in the human resources department which was charged with implementing the Policy. Moreover, the plaintiff had initially commenced arbitration of the claims she later brought in federal court.
There are few common threads in the above cases; perhaps too few to enable this court to weave, or even divine, a coherent theory or approach. However, the touchstone issue is whether by actions or conduct DePucchio and Cigna can be found to have agreed to arbitrate this dispute. To establish a modification to a contract, it is incumbent that both parties assent to the modification's meaning and conditions. ThreeS. Development Company v. Santore, 193 Conn. 174, 177 (1984) (citing CT Page 3871 cases). This rule applies in cases involving purported arbitration agreements. The Connecticut Supreme Court has emphasized that arbitration is a creature of contract resulting from a voluntary submission by the parties, and the authority to enforce arbitration is derived from the parties' agreement. Fink v. Golenbock, 238 Conn. 183, 194 (1996); John A.Errichetti Associates v. Boutin, 183 Conn. 481, 488 (1981).
The court concludes that there was not mutual assent to the Arbitration Policy. DePucchio, in an unrebutted affidavit, states that he did not sign the document proffered with the Employee Handbook which would have expressly agreed to the Policy. In addition, when his immediate supervisor stated that failure to sign would result in no bonus or salary increase, DePucchio expressed his objection to the Arbitration Policy and to tying acceptance of it to his remuneration. Subsequently, he signed a document acknowledging only that he had received and reviewed the contents of the Handbook. Not only did his actions expressly reject agreement to the Policy, this disagreement was directly conveyed to Cigna which had the opportunity to terminate DePucchio's employment, but did not. Nor can DePucchio's continued acceptance of employment be deemed assent to the Policy. In addition to his verbal rejection, the court finds that the imposition of an arbitration requirement interfered with DePucchio's legitimate expectations, so that, as Torosyan teaches, continued employment cannot be deemed as conclusive evidence of assent. This court disagrees with Fahim's holding that only contractual rights can give rise to the "legitimate expectations" discussed in Torosyan. If that is what the Connecticut Supreme Court had meant, this court concludes it would have said so directly. A legitimate expectation is something less than a contractual right and more than a mere hope. It is an assumption or trust that something will occur based on experience and sound analysis. This court finds that DePucchio had a legitimate expectation, based on his many years with Cigna, that disputes with his employer would be tried in a court of law. The court in Phillips v. CignaInvestments, supra, came to a somewhat similar conclusion. Cigna argues the holding in Phillips that the plaintiff had a legitimate expectation to try her statutory civil rights claim in federal court has been rendered invalid by the United States Supreme Court decision in CircuitCity Stores, Inc. v. Adams, 532 U.S. 105 (2001). This court disagrees.Circuit City held that the Federal Arbitration Act was applicable to employment disputes, with certain limited exceptions. This does not negate the conclusion that prior to the purported imposition of an arbitration policy there may be a legitimate expectation on the part of an employee of access to the court system based on past history.
Based on the foregoing, the defendants' motion to stay proceedings and compel arbitration is denied CT Page 3872
 Taggart D. Adams Superior Court Judge